IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

    Plaintiff,

vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA&M ELECTRIC,
and AA&M ELECTRIC, INC.,

    Defendants.
_____/

No. CIV S-08-1312 JAM EFB PS

STATUS (PRETRIAL SCHEDULING) ORDER

This action proceeds before the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21). The case is premised on allegations that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 (c). Plaintiff is incorporated in Delaware, with its principal place of business in Palatine, Illinois. The individual defendants are married, citizens of California and domiciled in San Joaquin County, and were the sole proprietors of (doing business as) defendant AA&M Electric until it was incorporated in January 2007, in California, as AA&M Electric, Inc., with its principal place of business in Tracy, California.

On November 12, 2008, this case came before the undersigned for a status (pretrial scheduling) conference. Robert Swanson appeared on behalf of plaintiff; the individual

1

defendants appeared and represented themselves in *pro se*; corporate defendant AA&M Electric, Inc. (hereafter "AA&M, Inc.") was not represented.

After hearing, and pursuant to the parties' joint status report filed August 29, 2008, the court enters the following scheduling order:

REPRESENTATION FOR AA&M, INC.

The court explained to the individual defendants that AA&M, Inc., as a corporation, must be represented by legal counsel in order to proceed in this case and avoid default.[1] The individual defendants stated that they tendered the defense of AA&M, Inc. to its insurer approximately three months ago. Whether such counsel is provided by the corporation's insurer or is retained by the individual defendants, AA&M, Inc., must have legal representation to proceed

Accordingly, defendants were given 14 days, or until November 26, 2008, within which to obtain legal representation for AA&M, Inc. Should counsel not be obtained for AA&M, Inc., within that period, plaintiff may request entry of default and move for default judgment against AA&M Inc.

SERVICE OF PROCESS

At the time of the hearing, no returns of service had been filed, although the individual defendants did not dispute service of process upon them. After the hearing, plaintiff filed returns demonstrating personal service of process upon each of the individual defendants on July 1, 2008, and personal service of process upon an authorized agent for corporate defendant AA&M, Inc., on June 16, 2008.

---

[1] The law permits corporations and other artificial entities to appear in federal court only through licensed counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993) (*citing Osborn v. President of Bank of United States*, 22 U.S. 738, 829 (1824) (corporations)). *See also*, E. D. Cal. L. R. 83-183(a) ("A corporation or other entity may appear only by an attorney"); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein").

Accordingly, each of the defendants has been served and no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by November 4, 2009.  The word "completed" in this context means that all law and motion matters must be heard by the above date.  Counsel (and/or pro se parties)[2] are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

////

---

[2] Any reference to "counsel" in this order includes parties appearing *in propria persona.*

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

<u>DISCOVERY</u>

Initial disclosures shall be made in compliance with Fed. R. Civ. P. 26(a)(1) on or before December 15, 2008.

All fact and expert discovery is left open, save and except that it shall be conducted so as to be *completed* by October 2, 2009. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than September 9, 2009.

<u>EXPERT DISCLOSURES</u>

The parties propose a staggered schedule for disclosing expert witnesses, after the close of fact discovery. Accordingly, the parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule: plaintiff's expert disclosures shall be made on or before July 10, 2009; defendant's expert disclosures shall be made on or before August 7, 2009; rebuttal disclosures shall be made on or before August 28, 2009. An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the

information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[3] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the

---

[3] The court is not interested in a designation of non-testifying Rule 26 experts.

mandatory information disclosure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the district judge on Friday, January 8, 2010, at 3:00 p.m., in Courtroom No. 6. Counsel are cautioned that counsel appearing for pretrial will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to E.D. Cal. L.R. 16-281 and 16-282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH E.D. CAL. L.R. 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding E.D. Cal. L.R. 16-281, the parties shall submit a joint pretrial statement not later than ten (10) court days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of E.D. Cal. L.R. 16-281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[4] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

---

[4] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

6

Pursuant to E.D. Cal. L.R. 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

<u>TRIAL SETTING</u>

A jury trial is set to commence before the district judge on Monday, March 15, 2010, at 9:00 a.m., in Courtroom No. 6. Plaintiff estimates that the trial will take seven to ten days.

<u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set at the time of the Pretrial Conference, or earlier at the request of the parties.

////

////

////

SUMMARY OF ORDER

THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Defendants shall obtain legal representation for AA&M, Inc., no later than November 26, 2008.

2. Initial disclosures shall be made in compliance with Fed. R. Civ. P. 26(a)(1) on or before December 15, 2008.

3. The parties may conduct fact and expert discovery until October 2, 2009. Motions to compel fact discovery are to be noticed to be heard by September 9, 2009, as more specifically described in this order.

4. The parties shall disclose experts and expert reports, as described herein, as follows:  plaintiff's expert disclosures shall be made on or before July 10, 2009; defendant's expert disclosures shall be made on or before August 7, 2009; rebuttal disclosures shall be made on or before August 28, 2009.

5. All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before November 4, 2009.

6. The final pretrial conference is set before the district judge on Friday, January 8, 2010, at 3:00 p.m., in Courtroom No. 6.  Pretrial statements shall be filed in accord with E.D. Cal. L.R. 16-281 and 16-282.

7. A jury trial is set to commence before the district judge on Monday, March 15, 2010, at 9:00 a.m., in Courtroom No. 6

IT IS SO ORDERED.

DATED: November 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE