IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

    Plaintiff,                    No. CIV S-08-1312 JAM EFB PS

    vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,    ORDER
and AA & M ELECTRIC, INC.,

    Defendants.
_____/

    Plaintiff moves to strike the answer of defendant AA&M Electric, Inc. ("AA&M, Inc.") and enter its default. The matter is scheduled on this court's law and motion calendar for January 21, 2008. For the reasons that follow, the court vacates the hearing and grants plaintiff's motion.

    This case came before the undersigned for a status conference on November 12, 2008. The individual defendants appeared and represented themselves in *pro se*. Corporate defendant AA&M, Inc. was not represented, although personal service of process was made upon its authorized agent on June 16, 2008. *See* Dckt. No. 12 . The court informed defendants at the hearing, and again in its scheduling order filed November 13, 2008, "that AA&M, Inc., as a corporation, must be represented by legal counsel in order to proceed in this case and avoid

1

PDF created with pdfFactory trial version www.pdffactory.com

default. The individual defendants stated that they tendered the defense of AA&M, Inc. to its insurer approximately three months ago. Whether such counsel is provided by the corporation's insurer or is retained by the individual defendants, AA&M, Inc. must have legal representation to proceed." Sched. Ord., at pp. 1-2 (fn. omitted). At the hearing, defendants "were given 14 days, or until November 26, 2008, within which to obtain legal representation for AA&M, Inc. Should counsel not be obtained for AA&M, Inc. within that period, plaintiff may request entry of default and move for default judgment against AA&M, Inc." *Id.* at 2.

Defendants have, to date, made no further contact with the court, thus failing to inform the court whether counsel has been obtained for AA&M, Inc., or to respond to plaintiff's motion.

The local rules of this court require that a party's opposition or statement of no opposition be filed no later than fourteen days before the noticed hearing date, or, in this instance, by January 7, 2009, and personally served upon defendants by the same date, or by mail on or before January 4, 2009. *See* E. D. Cal. L. R. ("Local Rule") 78-230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." *Id.* (citations omitted). Defendants' failure to respond to plaintiff's motion renders unnecessary a hearing on the matter.

Corporations may appear in federal court only through licensed counsel. *See*, *e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. 738, 829 (1824) (corporations)). *See also*, E. D. Cal. L. R. 83-183(a) ("A corporation or other entity may appear only by an attorney"); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). If a corporation fails to retain counsel to represent it in an action, its pleading may be struck and default judgment entered against it. *See generally, United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244 (9th Cir. 1993).

////

2

PDF created with pdfFactory trial version www.pdffactory.com

The *pro se* defendants may not represent their corporation, and the corporation cannot represent itself.  Nor can AA&M, Inc. file any document, or otherwise proceed, in this action unless it is represented by counsel.  The failure of defendants to respond to the instant motion implies that counsel has not been obtained for AA&M, Inc., and that defendants do not intend further to pursue the matter.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The January 21, 2009 hearing is vacated.

2. The answer filed by defendants on July 22, 2008, is stricken as to defendant AA&M Electric, Inc.

3. The Clerk of Court shall enter default against defendant AA&M Electric, Inc., pursuant to Fed. R. Civ. P. 55(a).

4. Plaintiff's motion for default judgment shall be filed within thirty (30) days.

SO ORDERED.

DATED:  January 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com