IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

        Plaintiff,                         No. CIV S-08-1312 JAM EFB PS

        vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,        ORDER
and AA & M ELECTRIC, INC.,

        Defendants.
_____/

        On September 2, 2009, this court heard: (1) plaintiff's motion for default judgment against defendant AA & M Electric, Inc., Dckt. No. 25, and (2) plaintiff's motion to compel discovery, Dckt. No. 34. Attorneys Robert D. Swanson and Daniel S. Stouder appeared on behalf of plaintiff; no appearance was made on behalf of any defendant. The defendants in this action are individuals Chawn Phillip Anderson and Heather Marie Apodaca, who proceed in *pro se*, and corporate defendant AA & M Electric, Inc., which apparently continues to lack legal representation. The Clerk of Court entered the default of AA & M Electric, Inc., on January 14, 2009. Dckt. No. 22.

        The individual defendants were clearly aware of this hearing, and the court construes their failure to appear as willful. The motions were not only duly noticed by plaintiff, but the

1

court issued an order on July 22, 2009, consolidating the motions for hearing and directing defendants to file and serve their opposition, or statement of non-opposition, to the motion for default judgment on or before July 29, 2009, and to participate in the preparation of a joint statement concerning the parties' discovery disputes.  While defendants filed nothing in response to the default judgment motion, they contributed to the joint statement, Dckt. No. 44, thus demonstrating their awareness of the hearing.

For the reasons stated on the record, IT IS HEREBY ORDERED that:

1. Pursuant to its motion for default judgment, plaintiff shall submit, on or before October 16, 2009, a supplemental declaration and proposed order in support of its calculation of damages against AA & M Electric, Inc., incurred since the latter's incorporation on January 12, 2007;

2. Plaintiff's motion for default judgment, Dckt. No. 25, will be deemed SUBMITTED for decision on the papers upon the filing of plaintiff's supplemental declaration and proposed order re: damages;

3. Plaintiff's motion to compel discovery, Dckt. No. 34 – based upon defendants' complete and total failure to provide initial disclosures or to respond to any discovery request – is GRANTED in full;

4. Individuals Chawn Phillip Anderson and Heather Marie Apodaca shall, on or before October 16, 2009, provide plaintiff with ALL requested discovery, including the discovery requests directed to AA & M Electric, Inc., specifically:

   a. Defendants shall provide all initial disclosures, as required by Fed. R. Civ. P. 26 and this court's order filed November 13, 2008, Dckt. No. 16;

   b. Each individual defendant shall answer, without objection or claim of privilege, each of the interrogatories plaintiff served upon them, respectively, on February 25, 2009;

////

       c.     Each individual defendant shall provide, without objection or claim of privilege, documents responsive to plaintiff's production request served upon all defendants on February 25, 2009;

5. Plaintiff's request for discovery sanctions, Dckt. No. 34 (see also Dckt. No. 47), in the form of reimbursement of plaintiff's expenses in bringing the instant discovery motion, is GRANTED in full, *see* Fed. R. Civ. P. 37(a)(5)(A) (sanctions upon granting discovery motion), (b)(2)(A)(sanctions for failure to obey court order);

6. Defendants shall make payment to plaintiff's counsel, on or before October 16, 2009, the total amount of $2,032.50;[1]

7. Defendants shall, on or before October 20, 2009, file an affidavit with the court stating that they have fully complied with this order; and

8. Defendants are admonished that failure to comply with orders of this court, the Local Rules, or the Federal Rules of Civil Procedure, "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 11-110. Defendants ' *pro se* status does not derogate this authority. *See* E.D. Cal. L. R. 83-183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing *in propria persona*.

////

////

---

[1] Subsequent to the hearing, plaintiff's counsel complied with the court's directive that counsel submit a supplemental declaration itemizing plaintiff's further expenses associated in bringing this discovery motion and appearing at the hearing on this matter. *See* Dckt. No. 47. Plaintiff's initial request sought reimbursement of expenses in the amount of $990.00 (0.4 hours by Mr. Swanson, at an hourly rate of $375.00, and 3.5 hours by Mr. Stouder, at an hourly rate of $240.00). Dckt. No. 34-3, ¶ 15. Plaintiff's supplemental declaration provides that counsel has since incurred additional expenses in the amount of $1042.50 (1.5 hours by Mr. Swanson, and 2.0 hours by Mr. Stouder). The court finds both the amount of time (total of 7.4 hours) and hourly rates reasonable, and therefore awards sanctions in the total amount of $2,032.50.

1 | Failure to comply therewith may be ground for dismissal, judgment by default, or any other
2 | sanction appropriate under these Rules.").
3 |     SO ORDERED.
4 | DATED: October 1, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4