IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

      Plaintiff,                                       No. CIV S-08-1312 JAM EFB PS

     vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,         FINDINGS AND RECOMMENDATIONS
and AA & M ELECTRIC, INC.,

      Defendants.
_____/

     Plaintiff moves for default judgment against defendant AA & M Electric, Inc., pursuant to Fed. R. Civ. P. 55(b)(2). The motion was heard before the undersigned on September 2, 2009.[1] Attorneys Robert Swanson and Daniel Stouder appeared on behalf of plaintiff; no appearance was made on behalf of defendant corporation or the individual defendants. At the direction of the court, additional briefing was submitted by plaintiff on September 30, 2009.

     After consideration of the moving papers, plaintiff's oral argument, and supplemental briefing, the court makes the following findings and recommendations.

////

---

[1] This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

1

BACKGROUND

This is an action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. Plaintiff claims that defendants engaged in a fraudulent scheme of submitting false invoices to plaintiff, in excess of $1 million, in violation of 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."). The following additional claims are also made: breach of contract, common law fraud, and violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. (fraudulent business practices).

The complaint recounts that, commencing late 2004, plaintiff initiated a voluntary recall of its Arc Fault Interrupter Circuit Breakers manufactured by plaintiff between March 1, 2004 and September 23, 2004. In 2005, plaintiff reached an agreement with defendants to replace circuit breakers subject to the recall. Defendants submitted invoices for more than 18,000 addresses purportedly serviced between November 2005 and June 2007; plaintiff contends these invoices included invalid addresses, and valid addresses that were not serviced.

Plaintiff is incorporated in Delaware, with its principle place of business in Palatine, Illinois; the individual defendants are married, citizens of California and domiciled in San Joaquin County. The individual defendants were the sole proprietors of defendant AA & M Electric d/b/a until it became incorporated on January 12, 2007, in California, with its principal place of business in Tracy, California. The corporation has since been suspended.[2]

The instant action was filed on June 10, 2008. On June 16, 2008, process was served upon the corporation by personal service upon its authorized agent (Erica Calderon, Los Angeles), as well as upon the individual defendants. All returns of service were filed November

---

[2] *See* California Secretary of State, "California Business Search" for "AA & M Electric Inc.," at http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C2943172.

12, 2008. *See* Dckt. Nos. 12, 13, 14.

On July 23, 2008, individual defendants Anderson and Apodaca answered the complaint on behalf of themselves, in pro se, and purportedly on behalf of AA & M Electric, Inc. Pursuant to a regularly scheduled status conference held on November 12, 2008, and pursuant to the court's scheduling order filed November 13, 2008, the individual defendants were instructed to obtain counsel for AA & M Electric, Inc. Dckt. No. 16. On January 14, 2009, after the individual defendants failed to obtain counsel for their corporation, despite adequate time to do so, this court struck defendants' answer as to AA & M Electric, Inc., and directed the Clerk of Court to enter the corporation's default. Dckt. Nos. 21, 22. Plaintiff timely moved for default judgment, but repeatedly rescheduled the hearing in an effort to obtain discovery from the defendants. Dckt. Nos. 23, 25, 35; *see also*, Dckt. No. 37. The individual defendants have been served with all pertinent moving papers and exhibits. While the individual defendants participated in the preparation of a discovery statement, *see* Dckt. No. 44, at p. 3, they have not responded, nor obtained counsel to respond, to the instant motion for default judgment.

DISCUSSION

Process was served upon the corporate defendant, AA & M Electric, Inc., on June 16, 2008, which has not appeared in this action. Dckt. No. 12. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir.1985) (default judgment void without personal jurisdiction). The Clerk of Court entered the default of AA & M Electric, Inc., on January 14, 2009. Dckt. No. 22.

Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the well-pled factual allegations of the complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976). Entry of default judgment remains within the sound discretion of the district

3

court, even when the defendant is technically in default. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Pursuant to the default of AA & M Electric, Inc., the court finds that the complaint states the following claims for which relief can be granted, specifically, that:

1. Plaintiff Square D Company ("Square D") sells its Circuit Breakers to authorized distributors who, in turn, sell them to retail outlets or directly to home builders, who then install them in homes. Compl., at ¶ 15.

2. Square D does not sell Circuit Breakers directly to homeowners and therefore does not have a means to readily identify the homes in which the Circuit Breakers are installed. *Id*.

3. In late 2004, Square D, in conjunction with the Consumer Product Safety Commission, initiated a voluntary recall of its Arc Fault Interrupter Circuit Breakers, manufactured by Square D between March 1, 2004 and September 23, 2004. Compl., at ¶ 10.

4. To accomplish this recall, Square D entered into contracts with local electricians to locate homes containing the recalled Circuit Breakers, and to replace them. Compl., at ¶¶ 16, 17.

5. After replacing the Circuit Breakers, the electricians would take the recalled breakers to an authorized Square D distributor and receive full credit against the newly-installed Circuit Breakers, and then send invoices to Square D for payment. Compl., at ¶¶ 18, 19.

6. In the fall of 2005, defendant Chawn Anderson, a licensed electrician, on behalf of AA & M Electric d/b/a, entered into a contract pursuant to which Square D agreed to pay $90 per home for labor associated with replacing the recalled breakers, payment conditioned payment upon Square D receiving written invoices listing the address of each serviced home. Compl., at ¶¶ 20-23.

7. From November 28, 2005 to June 9, 2007, the individual defendants, on behalf of AA & M Electric d/b/a and later AA & M Electric, Inc., prepared and submitted to Square D, 51 invoices totaling $1,676,700.00. Compl., at ¶ 24.

8. The number of home addresses listed in each invoice ranged from 29 to 1,042, and the total number of addresses submitted exceeded 18,000. Compl., at ¶ 25.

9. Listed addresses for the Las Vegas, Nevada, area intentionally included both nonexistent (invalid) addresses, and valid addresses that were not serviced. Compl., at ¶¶ 26-33.

10. In January 2007, Anderson and Apodaca incorporated AA &M Electric d/b/a into AA & M Electric, Inc., by filing Articles of Incorporation with the Office of the California Secretary of State. Compl., at ¶ 29.

11. From January 2007 through May 7, 2007, the individual defendants, on behalf of AA & M Electric, Inc., prepared twenty (20) invoices for work performed in the Las Vegas, Nevada area; at least eleven (11) of these invoices contain false information. Compl., at ¶ 31; Willhoite Decl., Dckt. No.56, ¶¶ 11 *et seq.*[3]

12. These eleven invoices containing false and fraudulent information demonstrate that defendant corporation and its owners were engaged in an enterprise affecting interstate commerce, which involved a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) (the RICO Act), and Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and which constituted common law fraud, and breached the parties' contract. Compl., at ¶¶ 36-81.

Pursuant to the supplemental and original declarations filed by Jim Willhoite, Product Support Specialist at Square D Company's Lexington, Kentucky plant (*see generally*, Dckt. Nos. 56, 38, and attached exhibits), and based upon Mr. Willhoite's research and compilation thereof, plaintiff's actual damages are calculated as follows:

///

---

[3] Of the 20 invoices identified in the complaint, the following invoice numbers (and dates of invoice) contained false information: Invoice No. 20504 (dated 2-27-07); Invoice No. 20219 (dated 3-07-07); Invoice No. 20231 (dated 3-13-07); Invoice No. 20296 (dated 3-22-07); Invoice No. 20307 (dated 3-26-07); Invoice No. 20317 (dated 3-28-07); Invoice No. 20327 (dated 4-04-07); Invoice No. 20341 (dated 4-09-07); Invoice No. 20373 (dated 4-25-07); Invoice No. 20388 (dated 5-01-07); Invoice No. 20403 (dated 5-07-07). *Cf.*, Cmplt., at ¶ 31, and Exhibit 1 to Willhoite Supp. Decl., Dckt. No. 56.

      a. The 11 invoices submitted by defendants, on behalf of AA & M Electric, Inc., during the relevant period, contain 5,890 addresses in the Las Vegas, Nevada area, after subtracting for duplicate addresses. Willhoite Decl. (Dckt. No. 56), at ¶ 12.

      b. Plaintiff Square D paid defendants a total of $530,100 to replace Circuit Breakers at these 5,890 addresses. *Id.*

      c. Of the 5,890 addresses billed by defendants to plaintiff during this period, 3,174 addresses do not exist. *Id.*, at ¶ 18.

      d. Calculated at $90.00 per nonexistent address, Square D overpaid AA & M Electric, Inc., for work billed in Las Vegas, Nevada, after January 2007, a total amount of $285,660.00. *Id.*, at ¶ 19.

Therefore, plaintiff Square D suffered actual damages in the amount of $285,660.00, as a result of defendants' fraudulent conduct on behalf of AA & M Electric, Inc.

There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).[4] Plaintiff would be prejudiced if default judgment were not granted; plaintiff has demonstrated the merits of its claims based on the well pled, unopposed, factual allegations of the complaint; the overall sum of money at stake supports granting the requested relief; there is no reasonable possibility of a dispute concerning material facts because defendants have declined the opportunity to answer the complaint or challenge the motion for default judgment; there is no indication that defendant's default was due to excusable neglect, since it was given repeated notice and

---

[4] In assessing whether to grant a motion for default judgment, the court must consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d at 1471-72.

opportunities to participate in this action; and, finally, while public policy favors judicial decisions on the merits, this consideration must be balanced with the reality that defendant's failure to act has rendered it "impractical, if not impossible" to reach a decision on the merits, *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted), which would, in any case, likely conform to the findings set forth herein.

Based on the foregoing, the court finds that plaintiff is entitled to the relief requested. However, two qualifications are in order. First, plaintiff Square D emphasizes that it is not at this time able to determine other amounts that AA & M Electric, Inc., may have charged for work that it did not perform on valid addresses, because defendants have not yet produced all requested discovery. Second, this award does not include, and is made without prejudice to any future award of punitive damages, e.g., treble damages authorized by 18 U.S.C. § 1964(c), pursuant to resolution of this case in its entirety.

CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant AA & M Electric, Inc., Dckt. No. 35, be GRANTED;

2. The Clerk of Court be directed to enter default judgment against defendant AA & M Electric, Inc.;

3. Plaintiff be awarded $285,660.00 actual damages;

4. Such award be made without prejudice to a further motion for default judgment, or amended default judgment, based upon newly acquired evidence demonstrating further fraudulent conduct by defendant AA & M Electric, Inc., and

5. Such award be made without prejudice to an award of punitive damages against defendant AA & M Electric, Inc., pursuant to resolution of this case in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE