IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

      Plaintiff,                      No. CIV S-08-1312 JAM EFB PS

     vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,    ORDER
and AA & M ELECTRIC, INC.,

      Defendants.
_____/

      Pending before the undersigned is plaintiff's October 16, 2009 motion to compel defendants Chawn Anderson and Heather Apodaca ("defendants") to appear to have their depositions taken. Dckt. No. 62. Plaintiff move to compel pursuant to Eastern District of California Local Rule ("Local Rule") 37-251(e), stating that "[d]efendants have completely and totally failed to respond to [plaintiff's] notices of deposition." *Id.* The motion asserts that plaintiff served defendants on September 2, 2009 with notices that they were to be deposed on September 18, 2009 at plaintiff's counsel's law offices in Sacramento, California; that prior to September 2, plaintiff's counsel attempted to confirm defendants' appearance at the deposition by placing several phone calls to them and leaving multiple messages, but defendants never responded to the calls nor acknowledged their obligation to appear; that on September 18,

1

defendants failed to appear to have their depositions taken at the noticed time and place and did not and have not contacted plaintiff or plaintiff's counsel to explain this failure; and that since September 18, plaintiff's counsel has attempted to contact defendants to confer about the depositions but defendants have not returned any of the calls. Dckt. No. 63. Accordingly, the motion seeks an order, pursuant to Federal Rule of Civil Procedure ("Rule") 37(a), "compelling Defendants, and each of them, to appear to have their depositions taken at a date within one week's time at the law offices of Boutin Gibson Di Giusto Hodell, Inc." *Id.* at 2. The motion also requests sanctions pursuant to Rule 37(d)(3) and 37(d)(1)(A)(I), "for reimbursement of [plaintiff's] expenses and attorney's fees resulting from Defendants' failure to appear for depositions." Id.

The motion to compel was originally noticed for hearing on November 4, 2009. However, defendants failed to file a response to the motion as required by Local Rule 37-251(e), on October 30, 2009, and the court therefore continued the matter to December 2, 2009. Dckt. No. 68. The court ordered defendants to show cause, in writing, no later than November 12, 2009, why sanctions should not be imposed upon them for their failure to timely file a response to plaintiff's motion; and ordered defendants to file an opposition to the motion, or a statement of non-opposition thereto, no later than November 12, 2009. *Id.* at 2. The court further stated that "[f]ailure of defendants to file an opposition will be deemed a statement of nonopposition to the pending motion, and may result in the granting of plaintiff's motion and/or the imposition of sanctions, as requested by plaintiff." *Id.* The order was mail served on defendants on October 30, 2009.

Court records reflect that defendants have not responded to the October 30, 2009 order to show cause and still have not filed an opposition nor a statement of non-opposition to plaintiff's motion to compel. Local Rule 78-230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party" and Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with

2

these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Plaintiff is entitled to depose defendants pursuant to Rule 30(a)(1). The deposition notices appear to have been properly served on defendants under Rule 30(b)(1), and defendants have not sought a protective order. Therefore, and in light of defendants' failure to oppose the motion or otherwise comply with the order to show cause, plaintiff's motion to compel will be granted. Defendants will be ordered to appear for deposition at plaintiff's counsel's Sacramento offices within fourteen days of the date this order is filed. Defendants shall coordinate a precise date and time with plaintiff's counsel.

Additionally, pursuant to Rule 37(a)(5) and 37(d), defendants will be ordered to pay plaintiff the reasonable expenses, including attorney's fees, caused by defendants' failure to attend the September 18, 2009 deposition, and the reasonable expenses incurred in making the motion to compel. *See* Fed. R. Civ. P. 37(a)(5) (providing that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); 37(d)(1)(A)(i) (providing that a court "may, on motion, order sanctions if: . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition"); 37(d)(3) (providing that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

The court finds that the $1,716.63 sought by plaintiff constitutes reasonable expenses incurred as a result of defendants' failure to attend the September 18, 2009 depositions and in preparing and filing the instant motion to compel. The amount is based on: 3.1 hours spent by plaintiff's attorney, Daniel Stouder, at a rate of $240 per hour, "preparing for Defendants' depositions, waiting for Defendants to appear at the time and place set forth in their deposition

3

1  notices, and reviewing and finalizing [plaintiff's motion to compel]"; 4.4 hours spent by
2  Gabrielle Boutin, a law clerk at Stouder's law firm, at a rate of $150 per hour, preparing the
3  motion to compel; and "$312.63 in expenses from Philips Legal Services for the attendance of a
4  deposition reporter at the time and place scheduled for the Defendants' depositions and to
5  prepare the transcripts documenting Defendants' nonappearances."  Dckt. No. 66, Decl. of
6  Daniel Stouder.  Therefore, defendants will be required to pay $1,716.63 to plaintiff's counsel no
7  later than thirty days from the date this order is filed and to file with the Clerk an affidavit within
8  fourteen days thereafter which states that they have paid the sum.

9  Defendants' failure to comply with any portion of this order may result in additional
10 sanctions, including the striking of defendants' answer and entry of default against defendants.

11 Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

12 1. Plaintiff's motion to compel, Dckt. No. 62, is granted;

13 2. Defendants are ordered to appear for deposition at plaintiff's counsel's Sacramento
14 offices within fourteen days of the date this order is filed and to coordinate precise dates and
15 times for those depositions with plaintiff's counsel; and

16 3. Defendants shall pay $1716.63 to plaintiff's counsel no later than thirty days from the
17 date this order is filed, and shall file with the Clerk an affidavit within fourteen days thereafter
18 which states that they have paid the sum.

19 SO ORDERED.
20 DATED: November 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4