IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

      Plaintiff,                              No. CIV S-08-1312 JAM EFB PS

      vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,    <u>ORDER TO SHOW CAUSE</u>
and AA & M ELECTRIC, INC.,

      Defendants.
_____/

      On December 15, 2009, plaintiff filed a motion for sanctions against defendants Chawn Anderson and Heather Apodaca, formerly d/b/a AA&M Electric ("Defendants") for failing to comply with two court orders compelling discovery. Dckt. No. 71. Specifically, plaintiff "seeks sanctions in the form of striking Defendants' answer and entering default judgments against Defendants pursuant to Rules 37(b)(2)(A)(iii) and (vi), respectively." *Id.* at 1. Plaintiff noticed the motion for hearing on January 6, 2010. *Id*.

      On October 1, 2009, the undersigned issued an order granting plaintiff's motion to compel discovery based on defendants' complete and total failure to provide initial disclosures or to respond to any discovery request, and ordered defendants to provide plaintiff with that discovery on or before October 16, 2009. Dckt. No. 57 at 2. The undersigned also granted

plaintiff's request for discovery sanctions; ordered defendants to make payment to plaintiff's counsel, on or before October 16, 2009, the amount of $2,032.50; and ordered defendants to file an affidavit, on or before October 20, 2009, stating that they had fully complied with the order. *Id.* at 3.  The order admonished defendants "that failure to comply with orders of this court, the Local Rules, or the Federal Rules of Civil Procedure, 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'" *Id.*

On November 24, 2009, the undersigned issued an order granting plaintiff's motion to compel defendants to appear for deposition and request for sanctions; directed defendants "to appear for deposition at plaintiff's counsel's Sacramento offices within fourteen days . . . and to coordinate precise dates and times for those depositions with plaintiff's counsel"; and directed defendants to pay $1716.63 to plaintiff's counsel within thirty days and to file with the Clerk an affidavit within fourteen days thereafter which states that they have paid the sum.  Dckt. No. 70 at 4.

Plaintiff's December 15 motion to compel contends that defendants have not complied with the October 1, 2009 order or the November 24, 2009 order.  Dckt. No. 71.  Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "striking pleadings in whole or in part [and/or] rendering a default judgment against the disobedient party . . . ."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Court records reflect that defendants have not filed a response to plaintiff's motion for sanctions.  Local Rule 251(e) governs plaintiff's motion since plaintiff asserts that defendants have completely and totally failed to respond to plaintiff's discovery requests and to two discovery orders.  Pursuant to Local Rule 251(e), defendants were required to "file a response [to plaintiff's motion] not later than seven (7) days before the hearing date," in this instance, by December 30, 2009.

2

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

In this case, defendants have twice been ordered to produce discovery; have been warned that their conduct could result in sanctions, including the striking of their answer and entry of default against them; have twice been sanctioned for their failure to comply with the discovery rules; and have failed to respond to plaintiff's current motion for sanctions. Therefore, defendants will be ordered to show cause why plaintiff's motion should not be granted, and why their answer should not be stricken and default judgment entered against them. If defendants fail to respond to this order to show cause or fail to respond to plaintiff's motion, the undersigned will recommend that plaintiff's motion be granted; that defendants' answer be stricken; and that default judgment be entered against defendants.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of January 6, 2010 on plaintiff's motion for sanctions is continued to February 3, 2010, at 10:00 a.m., before the undersigned.

2. Defendants shall show cause, in writing, no later than January 20, 2010, why plaintiff's motion should not be granted, and why their answer should not be stricken and default judgment entered against them for the reasons discussed above.

3. Defendants shall file an opposition to plaintiff's motion, or a statement of non-opposition thereto, no later than January 20, 2010.

1     4.  Failure of defendants to file an opposition will be deemed a statement of non-
2 opposition to the pending motion, and will result in a recommendation that plaintiff's motion be
3 granted; that defendants' answer be stricken; and that default judgment be entered against
4 defendants.
5     5.  If defendants timely file an opposition to plaintiff's motion, plaintiff may file a reply
6 in support of its motion on or before January 27, 2010.
7     6.  If defendants fail to respond to this order to show cause and/or fail to file an
8 opposition to plaintiff's motion, plaintiff shall file, on or before January 27, 2010, a proposed
9 order and default judgment against all defendants, including defendant AA&M Electric, Inc., and
10 any necessary supporting documentation.
11     SO ORDERED.
12 DATED:  December 31, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE