IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SQUARE D. COMPANY,

        Plaintiff,                      No. CIV S-08-1312 JAM EFB PS

        vs.

CHAWN PHILLIP ANDERSON,
HEATHER MARIE APODACA,
formerly d/b/a AA & M ELECTRIC,
and AA & M ELECTRIC, INC.,          ORDER

        Defendants.
_____/

On December 15, 2009, defendants filed a motion for sanctions against defendants Chawn Anderson and Heather Apodaca, formerly d/b/a AA&M Electric ("defendants") for failing to comply with two court orders compelling discovery. Dckt. No. 71. Specifically, plaintiff "seeks sanctions in the form of striking Defendants' answer and entering default judgments against Defendants pursuant to Rules 37(b)(2)(A)(iii) and (vi), respectively." *Id.* at 1. Plaintiff noticed the motion for hearing on January 6, 2010. *Id.*

On October 1, 2009, the undersigned issued an order granting plaintiff's motion to compel discovery based on defendants' complete and total failure to provide initial disclosures or to respond to any discovery request, and ordered defendants to provide plaintiff with that discovery on or before October 16, 2009. Dckt. No. 57 at 2. The undersigned also granted

1

plaintiff's request for discovery sanctions; ordered defendants to make payment to plaintiff's counsel, on or before October 16, 2009, in the amount of $2,032.50; and ordered defendants to file an affidavit, on or before October 20, 2009, stating that they had fully complied with the order. *Id.* at 3. The order admonished defendants "that failure to comply with orders of this court, the Local Rules, or the Federal Rules of Civil Procedure, 'may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'" *Id.*

On November 24, 2009, the undersigned issued an order granting plaintiff's motion to compel defendants to appear for deposition and request for sanctions; directed defendants "to appear for deposition at plaintiff's counsel's Sacramento offices within fourteen days . . . and to coordinate precise dates and times for those depositions with plaintiff's counsel"; and directed defendants to pay $1716.63 to plaintiff's counsel within thirty days and to file with the Clerk an affidavit within fourteen days thereafter which states that they have paid the sum. Dckt. No. 70 at 4. Plaintiff's December 15 motion to compel contends that defendants have not complied with the October 1, 2009 order or the November 24, 2009 order. Dckt. No. 71.

Because defendants failed to timely respond to plaintiff's December 15 motion, on December 31, 2009, the undersigned ordered defendants to file an opposition or statement of non-opposition to plaintiff's motion and to show cause, on or before January 20, 2010, why plaintiff's motion should not be granted, and why their answer should not be stricken and default judgment entered against them. Dckt. No. 72. The order again reminded defendants that pro se litigants are bound by the rules of procedure and that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. The order also specifically stated that "[i]f defendants fail to respond to this order to show cause or fail to respond to plaintiff's motion, the undersigned will recommend that plaintiff's motion be granted; that defendants' answer be stricken; and that default judgment be entered against defendants." Court records reflect that defendants have once again failed to

2

respond to this court's orders.

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (iii) striking pleadings in whole or in part; [and/or] (vi) rendering a default judgment against the disobedient party . . . ." Local Rule 110 further provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

The undersigned acknowledges that terminating sanctions, including the entry of default judgment, is very severe. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* at 1096, n.10. "The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Id.* at 1096.

The most critical factor to be considered in case-dispositive sanctions is whether "a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. . . . Therefore, whether terminating sanctions [is]

appropriate in [such a] case turns on the third and fifth factors." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

As noted in the December 31, 2009 order, defendants have twice been ordered to produce discovery in this case and have completely disregarded those orders. They were also ordered to respond to plaintiff's current motion for sanctions and to the December 31 order to show cause, and failed to do so. Therefore, the first and second factor weigh in favor of terminating sanctions. Additionally, because defendants have been completely unresponsive to plaintiff's numerous attempts to conduct discovery in this case, plaintiff will be prejudiced by its inability to access facts and evidence in this case. Further, the court has twice monetarily sanctioned defendants, and has warned defendants on several occasions that their conduct could result in sanctions, including the striking of their answer and entry of default against them. In fact, the December 31 order to show cause specifically stated that a failure to respond *would* result in terminating sanctions. Yet, defendants have not paid the monetary sanctions and still have not responded to plaintiff's attempts to conduct discovery or to the court's orders. Therefore, it appears that less drastic sanctions are no longer available. Although the public policy favoring disposition of cases on their merits will always weigh against entry of default judgment, the undersigned finds that a case-dispositive sanction under Rule 37(b)(2) is just. Accordingly, the undersigned intends to recommend that plaintiff's motion for sanctions be granted, defendants' answer be stricken, and default judgment be entered against defendants.

However, the undersigned is unable to recommend the entry of default judgment against defendants without information and supporting documentation regarding the appropriate judgment amount. In the December 31, 2009 order, the undersigned stated that "[i]f defendants fail to respond to this order to show cause and/or fail to file an opposition to plaintiff's motion, plaintiff shall file, on or before January 27, 2010, a proposed order and default judgment against all defendants, including defendant AA&M Electric, Inc., and any necessary supporting

1  documentation."[1]  Dckt. No. 72 at 4.  Court records reflect that plaintiff has not complied with
2  that requirement.  Therefore, the hearing on plaintiff's motion for sanctions will be continued
3  and plaintiff will be directed to file the required proposed order and default judgment, as well as
4  all necessary supporting documentation, by February 10, 2010.

5  Accordingly, IT IS HEREBY ORDERED that:

6  1. The hearing date of February 3, 2010 on plaintiff's motion for sanctions is continued
7  to February 24, 2010 at 10:00 a.m. in Courtroom No. 24.

8  2. Plaintiff shall file, on or before February 10, 2010, a proposed order and default
9  judgment against all defendants, including defendant AA&M Electric, Inc., and any necessary
10  supporting documentation.

11  3. On or before February 17, 2010, defendants may file a response, if any, to plaintiff's
12  filing.

13  SO ORDERED.

14  DATED: January 29, 2010.

   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

---

[1] On November 16, 2009, the undersigned issued findings and recommendations which recommended that plaintiff's motion for default judgment against defendant AA & M Electric, Inc. be granted; that default judgment be entered against defendant AA & M Electric, Inc.; and that plaintiff be awarded $285.660.00 actual damages.  Dckt. No. 69 at 7.